# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN ALEXANDRA PRENTICE, | No. 4:15-CV-5096-MKD |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CAROLYN W. COLVIN, | |
| Acting Commissioner of Social Security, | ECF Nos. 17, 18 |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 17, 18. The parties consented to proceed before a magistrate judge. ECF No. 9. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion (ECF No. 17) and grants Defendant's motion (ECF No. 18).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

1    ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless

2    "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

3    *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's

4    decision generally bears the burden of establishing that it was harmed.  *Shineski v.*

5    *Sanders*, 556 U.S. 396, 409-410 (2009).

6                           **FIVE-STEP EVALUATION PROCESS**

7            A claimant must satisfy two conditions to be considered "disabled" within

8    the meaning of the Social Security Act.  First, the claimant must be "unable to

9    engage in any substantial gainful activity by reason of any medically determinable

10   physical or mental impairment which can be expected to result in death or which

11   has lasted or can be expected to last for a continuous period of not less than twelve

12   months." 42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

13   "of such severity that he is not only unable to do his previous work[,] but cannot,

14   considering his age, education, and work experience, engage in any other kind of

15   substantial gainful work which exists in the national economy." 42 U.S.C. §

16   1382c(a)(3)(B).

17           The Commissioner has established a five-step sequential analysis to

18   determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

19   416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

20   activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1    gainful activity," the Commissioner must find that the claimant is not disabled.  20

2    C.F.R. § 416.920(b).

3        If the claimant is not engaged in substantial gainful activity, the analysis

4    proceeds to step two.  At this step, the Commissioner considers the severity of the

5    claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

6    "any impairment or combination of impairments which significantly limits [his or

7    her] physical or mental ability to do basic work activities," the analysis proceeds to

8    step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

9    this severity threshold, however, the Commissioner must find that the claimant is

10   not disabled.  20 C.F.R. § 416.920(c).

11       At step three, the Commissioner compares the claimant's impairment to

12   severe impairments recognized by the Commissioner to be so severe as to preclude

13   a person from engaging in substantial gainful activity.  20 C.F.R. §

14   416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

15   enumerated impairments, the Commissioner must find the claimant disabled and

16   award benefits.  20 C.F.R. § 416.920(d).

17       If the severity of the claimant's impairment does not meet or exceed the

18   severity of the enumerated impairments, the Commissioner must pause to assess

19   the claimant's "residual functional capacity."  Residual functional capacity (RFC),

20   defined generally as the claimant's ability to perform physical and mental work

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1  activities on a sustained basis despite his or her limitations, 20 C.F.R. §

2  416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

3       At step four, the Commissioner considers whether, in view of the claimant's

4  RFC, the claimant is capable of performing work that he or she has performed in

5  the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

6  capable of performing past relevant work, the Commissioner must find that the

7  claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

8  performing such work, the analysis proceeds to step five.

9       At step five, the Commissioner considers whether, in view of the claimant's

10  RFC, the claimant is capable of performing other work in the national economy.

11  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

12  must also consider vocational factors such as the claimant's age, education and

13  past work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant is capable of

14  adjusting to other work, the Commissioner must find that the claimant is not

15  disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to

16  other work, analysis concludes with a finding that the claimant is disabled and is

17  therefore entitled to benefits.  20 C.F.R. § 416.920(g)(1).

18       The claimant bears the burden of proof at steps one through four above.

19  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

20  step five, the burden shifts to the Commissioner to establish that (1) the claimant is

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.920(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title XVI supplemental security income on December 20, 2011, alleging onset beginning November 1, 2008.  Tr. 12, 135-141.  The application was denied initially, Tr. 66-77, and upon reconsideration, Tr. 78-90. Plaintiff appeared for a hearing before an administrative law judge (ALJ) on May 14, 2014.  Tr. 30-64.  On June 2, 2014, the ALJ denied Plaintiff's claim.  Tr. 9-26.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 20, 2011.  Tr. 14.  At step two, the ALJ found Plaintiff suffers from the following severe impairments: asthma; allergic rhinitis; cognitive disorder, not otherwise specified (NOS); major depressive disorder; generalized anxiety disorder; and borderline intellectual functioning / learning disorder, NOS.  Tr. 14.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment.  Tr. 14.  The ALJ then concluded that the Plaintiff has the RFC to perform light work with additional limitations.  Tr. 17-21.  At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 21.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs in

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

significant numbers in the national economy that Plaintiff could perform, such as cleaner, housekeeping; cashier II; and hand packager.  Tr. 22.  On that basis, the ALJ concluded that Plaintiff is not disabled as defined in the Social Security Act.  Tr. 22-23.

On August 27, 2015, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income under Title XVI of the Social Security Act.  ECF No. 17.  Plaintiff raises the following issues for this Court's review:

1.  Whether the ALJ properly discredited Plaintiff's symptom claims;

2.  Whether the ALJ properly weighed the medical opinion evidence; and

3.  Whether the ALJ's step-five finding is supported by substantial evidence.

## DISCUSSION

**A. Adverse Credibility Finding**

Plaintiff faults the ALJ for failing to provide specific findings with clear and convincing reasons for discrediting her symptom claims.  ECF No. 17 at 9-13.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

determine whether there is objective medical evidence of an underlying

impairment which could reasonably be expected to produce the pain or other

symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).

"The claimant is not required to show that her impairment could reasonably be

expected to cause the severity of the symptom she has alleged; she need only show

that it could reasonably have caused some degree of the symptom." *Vasquez v.*

*Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

citations and quotations omitted).  "General findings are insufficient; rather, the

ALJ must identify what testimony is not credible and what evidence undermines

the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th

Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ

must make a credibility determination with findings sufficiently specific to permit

the court to conclude that the ALJ did not arbitrarily discredit claimant's

testimony.").  "The clear and convincing [evidence] standard is the most

demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).[1]

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

The Plaintiff's symptom claims, as documented by the ALJ, are:

The claimant alleges she cannot work because of the limitations caused by her physical and mental impairments. The claimant

_____

[1] Defendant argues that this Court should apply a more deferential "substantial evidence" standard of review to the ALJ's credibility findings. ECF No. 18 at 8 n.2. The Court declines to apply this lesser standard. The Ninth Circuit reaffirmed that "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so;" and further noted that "[t]he government's suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected." *Garrison*, 759 F.3d at 1015 n.18; *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

testified that she can read, but is not a good reader.  She testified that she can do addition and subtraction but cannot make change and cannot do multiplication or division.  She testified that she can follow simple instructions but has a hard time if she is not shown by demonstration.  The claimant testified that when she worked as a file clerk if someone came in with fragrance on or smelling go [sic] smoke she would have to use her inhaler or breathing machine.  The claimant testified that her breathing problems are triggered by fragrant things and cigarette smoke and she will start with her inhaler and if that does not work she will use her breathing machine.  If the breathing machine does not work, she goes to the emergency room.  The claimant testified that when she uses her breathing machine each treatment lasts twenty minutes and if she does not improve she will do a total of three treatments.  The claimant testified that she has to go to the hospital every couple of months and went ten to twelve times in 2013.  The claimant testified that if she is vacuuming or cleaning her house she has to use her inhaler or machine.  The claimant testified that she has been on steroids on and off since she was three years old. She has side effects including weight gain, ulcers, acid reflux with vomiting, and a hernia in her esophagus.  The claimant testified that she does chores but has to stop and rest.  The claimant testified that she coughs everyday.  She testified that she cannot breathe when it is super cold out or when everything is blooming.  The claimant testified that she can lift fifty pounds, stand for twenty-five minutes, on a good day and for five minutes on a bad day, and sit for ten minutes.  The claimant testified that on bad days she has a hard time breathing, is really wheezy, and does minimal activity.  The claimant testified that she has issues with any extreme heat or cold, wetness, and humidity. The claimant testified that she needs reminders to take her medications and attend appointments.  She testified that when she tried to work at Goodwill they had to show her a couple of times how to send email outside of the office.  She believed that they got frustrated with her.

Tr. 17-18.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

This Court finds the ALJ provided specific, clear, and convincing reasons for finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms "are not entirely credible." Tr. 18.

### 1.    Inconsistent Daily Activities

The ALJ found Plaintiff's daily activities indicated she was not as limited as she alleged. Tr. 20. A claimant's reported daily activities can form the basis for an adverse credibility determination if they consist of activities that contradict the claimant's "other testimony" or if those activities are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (daily activities may be grounds for an adverse credibility finding "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting."). "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13 (internal quotation marks and citations omitted).

Plaintiff reported caring for her three children by herself, including getting them ready for school, helping them with their homework, preparing meals, and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

1    cleaning house.  Tr. 53, 55, 260.  The ALJ determined these activities were

2    inconsistent with her claims that she experienced difficulty following instructions

3    and needs reminders to complete tasks.  Tr. 20.  *See Rollins v. Massanari*, 261 F.3d

4    853, 857 (9th Cir. 2001) (Plaintiff's ability to care for young children without help

5    undermined claims of totally disabling pain).

6         In addition, Plaintiff reported using and crashing a four-wheel, off-road

7    vehicle.  Tr. 426.  The ALJ determined that fact suggested she was outdoors,

8    engaged in an active task and found this "cast[] doubt on the claimant's allegations

9    regarding her asthma and limitations."  Tr. 20.

10         Plaintiff contends her daily activities are not consistent with fulltime work or

11    inconsistent with her symptom claims.  ECF No. 17 at 10-11.  Plaintiff argues that

12    her ability to prepare her children for school, help with homework, and perform

13    household chores is not inconsistent with her asthma symptom claims.  ECF No.

14    17 at 11.[2]  Similarly, Plaintiff argues the ALJ's reasoning does not take into

15

16    _____

17    [2] In her reply brief, Plaintiff contests for the first time the ALJ's use of the four-

18    wheeling incident to discredit her.  Because Plaintiff did not raise this issue in her

19    opening brief, the Court finds Plaintiff waived the issue.  *Bray v. Comm'r of Soc.*

20    *Sec. Admin*. 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) ("This argument, however,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

account the help she receives from family and friends, and the rest she takes for

asthma treatments during household chores. *Id.* Plaintiff conflates two distinct

reasons the ALJ offers for discounting Plaintiff's symptom claims. Tr. 20. The

ALJ discounted Plaintiff's asthma-related symptom claims based on the four-

wheeling in which she engaged, not the household chores she performed. *Id.* The

household chores and ability to care, by herself, for three children casts doubt on

Plaintiff's allegations that she needed reminders to complete tasks and experienced

difficulty following instructions. The Court finds this is a clear and convincing

reason for discrediting Plaintiff's symptom claims. *Molina*, 674 F.3d at 1112-13.

### 2. Failure to Comply with Treatment

The ALJ found Plaintiff's "failure to comply with her medication suggests

that the limitations caused by her asthma are not as great as alleged." Tr. 21. In

assessing a claimant's credibility, the ALJ may properly rely on an "unexplained or

inadequately explained failure to seek treatment or to follow a prescribed course of

treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal

quotations omitted); *Fair*, 885 F.2d at 603. According to agency rules, "the

individual's statements may be less credible if the level or frequency of treatment

_____

was not made in Bray's opening brief; thus we deem it waived."). Even

considering the merits, Plaintiff's claim fails.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96-7p.[3]  While disability benefits may not be denied because a claimant cannot afford treatment, *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995), a claimant's failure to assert a good reason for not seeking treatment, or a finding by the ALJ that the proffered reason is not believable can diminish a claimant's testimony.  *Molina*, 674 F.3d at 1113-1114.

The ALJ noted that despite the severe symptoms Plaintiff alleged, Plaintiff had not been compliant with her recommended treatment. Tr. 20 (citing Tr. 434-435, 438, 440).  Plaintiff denied this, alleging she was compliant.  Tr. 438.  But her treatment provider noted on several occasions that she was not in compliance.  Tr. 434-435, 438, 440.  For example, in December 2013, Dr. England suspected Plaintiff was "not being adherent to the treatment plan."  Tr. 440.  He confirmed Plaintiff used only one pharmacy and reviewed the records from that pharmacy.

───────────────────

[3] Social Security Ruling 96-7p was superseded by S.S.R. 16-3p effective March 16, 2016.  The new ruling also provides that the consistency of a claimant's statements with objective medical evidence and other evidence is a factor in evaluating a claimant's symptoms.  S.S.R. 16-3p at *6.  Nonetheless, S.S.R. 16-3p was not effective at the time of the ALJ's decision and therefore does not apply in this case.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

Tr. 438, 440.  In addition, pharmacy records show she was not re-filling her prescriptions often enough to be complaint with treatment.  Tr. 435, 438.  In February 2014, Dr. England again noted that Plaintiff did not appear to be in compliance with her treatment.  Tr. 434-435.  The ALJ found Plaintiff's noncompliance undermined her overall credibility and suggested the limitations caused by her asthma are not as great as alleged.  Tr. 21.

Plaintiff contends she did not comply with her treatment because her insurance would only cover the prescription once a month, not twice a month as she reports her doctor prescribed.  ECF No. 17 at 11 (citing Tr. 49-50).  Because she could not afford her prescriptions, Plaintiff contends the ALJ cannot use her noncompliance to discredit her.  ECF No. 17 at 11 (citing *Gamble*, 68 F.3d at 320-321).  But, as the Commissioner notes, Plaintiff's current allegation is inconsistent with her statements to Dr. England.  ECF No. 18 at 12 (citing Tr. 434, 435, 438, 440).  When confronted by Dr. England, Plaintiff was "adamant that she is taking all of her asthma medications consistently."  Tr. 438.  Moreover, Dr. England noted that her insurance would cover the prescription.  Tr. 435.  But, even assuming Plaintiff could only afford her prescriptions once a month, she was non-compliant.  The pharmacy records show Plaintiff refilled her prescription for Spiriva only four times in 2013, her prescription for Singulair only once, and did not refill her prescription for Advair at all.  Tr. 438.  In 2012, Plaintiff only refilled

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

1  her prescription for Advair twice.  Tr. 438.  The record supports the ALJ's finding

2  that Plaintiff failed to comply with her treatment and failed to offer a good reason

3  for her non-compliance, which constitutes a clear and convincing reason to doubt

4  the sincerity of her symptom claims.  *Molina*, 674 F.3d at 1113-1114.

5  **B. Medical Opinion Evidence**

6  Plaintiff next faults the ALJ for discounting the opinion of examining

7  physician Lynn Orr, M.D.  ECF No. 17 at 8.

8  There are three types of physicians: "(1) those who treat the claimant

9  (treating physicians); (2) those who examine but do not treat the claimant

10  (examining physicians); and (3) those who neither examine nor treat the claimant

11  but who review the claimant's file (nonexamining or reviewing physicians)."

12  *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted).

13  "Generally, a treating physician's opinion carries more weight than an examining

14  physician's, and an examining physician's opinion carries more weight than a

15  reviewing physician's."  *Id*. at 1202.  "In addition, the regulations give more

16  weight to opinions that are explained than to those that are not, and to the opinions

17  of specialists concerning matters relating to their specialty over that of

18  nonspecialists."  *Id*. (citations omitted).

19  If a treating or examining physician's opinion is uncontradicted, an ALJ may

20  reject it only by offering "clear and convincing reasons that are supported by

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

Dr. Orr opined that Plaintiff suffers from anxiety, depression, intellectual limitations, and a learning disability. Tr. 260. These issues, Dr. Orr opined, would make it difficult for Plaintiff to "carry out tasks in a work-like setting in a consistent manner." Tr. 260. Dr. Orr administered the Wechsler Memory Scale, which indicated Plaintiff experienced "significant problems in the area of visual memory." Tr. 261. As a result, Dr. Orr opined that Plaintiff would "have difficulty carrying out tasks that are complex or require adequate memory functioning." Tr. 262.

The ALJ observed that "Dr. Orr is a mental health expert and she had the opportunity to examine the claimant." Tr. 21. The ALJ found her opinion "generally consistent with the findings of her examination." Tr. 21. Accordingly, the ALJ gave Dr. Orr's opinion some weight, to the extent it is consistent with the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

1   RFC and his decision. Tr. 21. To integrate Dr. Orr's assessed limitations into the

2   RFC, the ALJ limited Plaintiff to simple, routine, and repetitive tasks. Tr. 21.

3          The parties disagree about whether the ALJ rejected Dr. Orr's opinion.

4   Plaintiff contends the ALJ rejected Dr. Orr's opinion that she, Plaintiff, would

5   experience difficulty carrying out tasks in a consistent manner in a work setting.

6   ECF No. 17 at 9. As evidence, Plaintiff cites to the ALJ's decision to accord Dr.

7   Orr's opinion only "some weight." *Id.* (citing Tr. 21).

8          To the extent the ALJ rejected portions of Dr. Orr's opinion, he erred by not

9   offering any reason for rejecting those portions. *See* Tr. 21; *Orn*, 495 F.3d at 632

10  ("The ALJ must do more than offer his conclusions. He must set forth his own

11  interpretations and explain why they, rather than the doctors', are correct."). But a

12  court "may not reverse an ALJ's decision on account of an error that is harmless."

13  *Molina,* 674 F.3d at 1111. An error is harmless "where it is inconsequential to the

14  [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation

15  omitted). The party appealing the ALJ's decision generally bears the burden of

16  establishing that it was harmed. *Shineski*, 556 U.S. at 409-410.

17         Plaintiff establishes no error because the ALJ did not reject the portion of

18  Dr. Orr's opinion at issue. Tr. 21. The ALJ acknowledged the limitations Dr. Orr

19  assessed and "limit[ed] the claimant to simple routine repetitive tasks to address

20  *these* limitations." Tr. 21 (emphasis added). Plaintiff has not identified any

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

additional limitation that the ALJ should have incorporated into the RFC.

Plaintiff's disagreement with the way in which the ALJ accounted for this

limitation does not establish the ALJ rejected the limitation.  *See*, *e.g.*, *Turner v.*

*Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (finding ALJ

incorporated doctor's assessed limitations into the RFC even though the RFC did

not mirror the assessed limitations).  Where, as here, "evidence exists to support

more than one rational interpretation, [this Court] must defer to the

Commissioner's decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190,

1193 (9th Cir. 2004).

**C. Step-Five Analysis**

Finally, Plaintiff faults the ALJ for posing an incomplete hypothetical to the

vocational expert.  ECF No. 17 at 13.  "An ALJ must propound a hypothetical to a

[vocational expert] that is based on medical assumptions supported by substantial

evidence in the record that reflects all the claimant's limitations." *Osenbrock v.*

*Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  "If the assumptions in the hypothetical

are not supported by the record, the opinion of the vocational expert that claimant

has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753

F.2d 1450, 1456 (9th Cir. 1984).  "It is, however, proper for an ALJ to limit a

hypothetical to those impairments that are supported by substantial evidence in the

record." *Osenbrock*, 240 F.3d at 1165.  An ALJ is not bound to accept a

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

claimant's testimony as providing substantial, credible evidence of his restrictions. *Id.*

Here, Plaintiff contends the ALJ failed to account for portions of Dr. Orr's opinion and for limitations unsupported by any medical opinion testimony. As explained previously, the ALJ properly accounted for Dr. Orr's opinion in the RFC. The remaining limitations – that Plaintiff could not be around *any* irritants and would miss work because of her asthma – were not assessed by any medical professional. At best, Plaintiff's symptom claims support the limitations she proposes, but her discredited testimony is insufficient. *Id.* Moreover, the ALJ accounted for Plaintiff's asthma by limiting her to "even moderate exposure to irritants . . . and poorly ventilated areas," which was included in the hypothetical submitted to the vocational expert. Tr. 17. In sum, this Court finds the ALJ's hypothetical included the full extent of Plaintiff's limitations supported by substantial evidence in the record. Because the ALJ included in the hypothetical the full extent of credible limitations supported by the record, this Court finds no error.

## CONCLUSION

The ALJ's decision is supported by substantial evidence and free of legal error.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 20

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED.**

2.    Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE DEFENDANT,** provide copies to counsel, and **CLOSE** the file.

DATED this Thursday, August 04, 2016.

*s/ Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 21